# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BACTERIN INTERNATIONAL, INC.,
a Nevada corporation,

    Plaintiff,

v.

ALLOSOURCE,
an Illinois nonprofit corporation; and
INNOVASIS, INC.,
a Utah corporation,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Bacterin International, Inc. ("Bacterin" or "Plaintiff") for its Complaint against Defendants Allosource ("Allosource") and Innovasis, Inc. ("Innovasis") (collectively "Defendants"), alleges as follows:

### Nature of the Action

1. In this action, Bacterin seeks injunctive and monetary relief for acts of copyright infringement under the laws of the United States, Title 17, United States Code; trademark infringement and unfair competition under the laws of the United States, Title 15, United States Code; trademark infringement and unfair competition under the common law of the state of Colorado; and cancelation of trademark registration, under the laws of the United States, Title 15, United States Code.

## The Parties

2. Bacterin is a corporation incorporated under the laws of the state of Nevada with its principal place of business at 600 Cruiser Lane, Belgrade, MT 59714.

3. Upon information and belief, Allosource is an Illinois nonprofit corporation with a principal place of business in the State of Colorado at 6278 South Troy Circle, Centennial, CO 80111.

4. Upon information and belief, Innovasis is a Utah corporation with a principal place of business in the State of Utah at 614 East 3900 South, Salt Lake City, UT 84107.

5. Upon information and belief, Allosource operates a web site hosted at the domain <www.allosource.org> soliciting sales of allograft from Internet users in this District.

6. Upon information and belief, Innovasis operates a web site hosted at the domain <www.innovasis.com> soliciting sales of allograft from Internet users in this District.

## Jurisdiction and Venue

7. This action arises under § 501 of the Copyright Act of 1976, 17 U.S.C. §§101 *et seq.*; §§ 1114(1), 1125(a) and 1064 of the Trademark Act of July 5, 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051 *et seq.;* and the common laws of the state of Colorado.

8. The Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338 and 1367.

9. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b).

## Background

10. Throughout the United States, Bacterin provides biologic products, including allograft, medical devices and medical coating services through multiple distribution channels.

11. Since at least as early as 2005, Bacterin has used the mark OsteoSponge in connection with products comprising human allograft tissue, including demineralized bone matrix and cancellous bone products.

12. Bacterin owns U.S. Trademark Registration No. 3,366,646 for the mark "OsteoSponge" in connection with the goods "Human Allograft Tissue, Demineralized Bone Matrix, Cancellous Bone." A true and correct copy of the registration certificate for the OsteoSponge registration is attached hereto as **Exhibit A.**

13. The federal registration rights and common law rights of Bacterin in the OsteoSponge trademark described above are collectively referred to as the "<u>OsteoSponge Trademark</u>."

14. Bacterin uses the OsteoSponge Trademark in relation to a product line of human allograft tissue, including demineralized bone matrix and cancellous bone, in both block and crushed formats and in various sizes including 14 millimeter cubic blocks, 12 millimeter cubic blocks, 10 millimeter cubic blocks, and from 0.5 to 10 cubic centimeters of crushed allograft.

15. Bacterin operates a web site hosted at <www.bacterin.com> that promotes the OsteoSponge biologic product. A true and correct copy of the web page for the OsteoSponge biologic product is attached as **Exhibit B**. Bacterin has filed an application for registration in the U.S. Copyright Office for Exhibit B. *See* **Exhibit C**.

16. As a result of long-standing use, extensive advertising and promotion, the OsteoSponge Trademark has become widely and favorably known among Bacterin's customers and potential customer base including surgeons and hospitals for designating a single source of human allograft products including demineralized bone matrix and cancellous bone products.

## Defendants' Activities

17. Upon information and belief, Innovasis operates a web site hosted at the domain <www.innovasis.com> that promotes an allograft product under the designation AlloSponge. A true and correct copy of the web page for the AlloSponge product is attached as **Exhibit D**.

18. The web page for the AlloSponge product shown in Exhibit D contains photographs and text copied from Bacterin's web page as shown in Exhibit B. Upon information and belief, the allograft product, pictures and text shown in Exhibit D were "Supplied by AlloSource."

19. Upon information and belief, Allosource operates a web site hosted at the domain <www.allosource.org> that promotes an allograft product under the designation AlloSponge. A true and correct copy of the web page for the AlloSponge product is attached as **Exhibit E**.

20. Upon information and belief, the allograft products that Defendants promote under the AlloSponge designation are demineralized bone matrix products ("Defendants' Products").

21. Upon information and belief, Defendants market and distribute a broad product line of the Defendants' Products under the AlloSponge designation, including block, filler and strips.

22. Upon information and belief, Defendants market and distribute Defendants' Products under the AlloSponge designation in each state of the United States.

23. Defendants' Products are identical to the allograft products supplied by Bacterin under the OsteoSponge Trademark.

24. Defendants' Products are advertised, offer for sale and sold to the same consumers of Bacterin's allograft products supplied under the OsteoSponge Trademark.

25. The acts of Defendants complained of above are referred to as "Defendants' Conduct."

## COUNT I
### (Copyright Infringement Under Federal Law)

26. Bacterin realleges the allegations contained in paragraphs 1-25 above as if fully set forth herein.

27. Bacterin owns the copyrighted material found at or through the url <www.bacterin.com> and has filed for copyright registration (*See* Exhibit C).

28. Defendants' Conduct violates the exclusive rights belonging to Bacterin as owners of the copyrighted material.

29. Defendants' Conduct constitutes copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§101 *et seq*.

30. Defendants' Conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Bacterin.

31. Bacterin has no adequate remedy at law.

## COUNT II
### (Trademark Infringement Under Federal Law)

32. Bacterin realleges the allegations contained in paragraphs 1-31 above as if fully set forth herein.

33. This is a claim for infringement of the federally registered OsteoSponge trademark, as depicted in the attached Exhibit A. Defendants' Conduct also constitutes an attempt to trade on the goodwill which Bacterin has developed in the OsteoSponge Trademark, all to the damage of Bacterin.

34. Defendants' Conduct is likely to cause confusion, or to cause mistake, or to deceive potential purchasers and others, whereby they would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by, or connected with Bacterin, in violation of 15 U.S.C. § 1114(1).

35. Defendants' Conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Bacterin.

36. Bacterin has no adequate remedy at law.

## COUNT III
### (Unfair Competition Under Federal Law)

37. Bacterin realleges the allegations contained in paragraphs 1-36 above as if fully set forth herein.

38. Defendants' Conduct constitutes use of a false designation of origin which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' Conduct constitutes an attempt to trade on the goodwill which Bacterin has developed in the OsteoSponge Trademark, all to the damage of Bacterin.

39. As a result of Defendants' Conduct, Defendants have caused Bacterin irreparable harm and injury and will continue to do so unless Defendants are restrained and enjoined by this Court from further violation of Bacterin's rights.

40. Bacterin has no adequate remedy at law.

## COUNT IV
### (Trademark Infringement Under Colorado Common Law)

41. Bacterin realleges the allegations contained in paragraphs 1-40 above as if fully set forth herein.

42. Defendants' Conduct is likely to cause confusion, or to cause mistake, or to deceive potential purchasers and others, whereby they would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by, or connected with Bacterin, in violation of the common law of the state of Colorado.

43. Defendants' Conduct also constitutes an attempt to trade on the goodwill which Bacterin has developed in the OsteoSponge Trademark, all to the damage of Bacterin.

44. As a result of Defendants' Conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Bacterin.

45. Bacterin has no adequate remedy at law.

## COUNT V
### (Unfair Competition Under Colorado Common Law)

46. Bacterin realleges the allegations contained in paragraphs 1-45 above as if fully set forth herein.

47. Defendants' Conduct constitutes misappropriation of valuable property rights of Bacterin and trading on the goodwill symbolized by the OsteoSponge Trademark, and is thereby likely to confuse and deceive potential purchasers. By virtue of Defendants' Conduct, Defendants have engaged in unfair competition in violation of the common law of unfair competition of the State of Colorado.

48. As a result of Defendants' Conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Bacterin.

49. Bacterin has no adequate remedy at law.

## COUNT VI
### (Cancellation of Federal Registration Under Federal Law)

50. Bacterin realleges the allegations contained in paragraphs 1-49 above as if fully set forth herein.

51. Upon information and belief, Defendant Allosource is the owner of U.S. Trademark Reg. No. 3,599,730 for the mark ALLOSPONGE ("ALLOSPONGE Registration").

52. In view of Bacterin's prior and established rights in the OsteoSponge Trademark, Defendant Allosource's AlloSponge Registration is likely to cause confusion, or to cause mistake, or to deceive potential purchasers and others, whereby they would be led to mistakenly believe that Defendant AlloSource is affiliated with, related to, sponsored by, or connected with Bacterin, all to the damage of Bacterin.

## RELIEF SOUGHT

WHEREFORE, Bacterin asks this Court to:

A. Grant preliminary and permanent injunctive relief enjoining Defendants and any principals, agents, servants, employees, successors, and assigns of Defendants and all those in privity, concert, or participation with Defendants from:

    (i) imitating, copying, duplicating, or otherwise making any use of the OsteoSponge Trademark or any mark confusingly similar to the OsteoSponge Trademark, including but not limited to the designation "AlloSponge";

(ii) manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material which bears any copy or colorable imitation of the OsteoSponge Trademark;

(iii) using any unauthorized copy or colorable imitation of the OsteoSponge Trademark in such fashion as is likely to relate or connect Defendants with Bacterin;

(iv) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by Bacterin;

(v) causing likelihood of confusion or injury to Bacterin's business reputation and to the distinctiveness of the OsteoSponge Trademark by unauthorized use of a confusingly similar sign design;

(vi) engaging in any other activity constituting unfair competition or infringement of the OsteoSponge Trademark or Bacterin's rights in, or to use, or to exploit the same; and

(vii) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

B. Find that Defendants have infringed the OsteoSponge Trademark in violation of federal law and have damaged Bacterin's goodwill by Defendants' Conduct,

C. Find that Defendants have unfairly competed with Bacterin by the acts complained of herein in violation of federal law.

D. Find that the acts of Defendants constitute trademark infringement in violation of the common law of the state of Colorado.

E. Find that the acts of Defendants constitute unfair competition in violation of the common law of the state of Colorado.

F. Find Defendants jointly and severally liable and award to Bacterin monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the Defendants' profits or gains of any kind resulting from their willful infringement and/or acts of unfair competition, said amount to be trebled, and exemplary damages in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117.

G. Award to Bacterin exemplary damages in view of the intentional, willful, wanton and reckless disregard of its rights;

H. Order the U.S. Patent and Trademark Office to cancel the AlloSponge Registration;

I. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Bacterin's copyrighted material without consent or otherwise infringing Bacterin's copyrights or other rights in any manner;

J.	Ordering Defendants to account to Bacterin for all gains, profits, and advantages derived by Defendants by their infringement of Bacterin's copyrights or such damages as are proper;

K.	Awarding Bacterin actual damages for Defendants' copyright infringement in an amount to be determined at trial;

L.	Awarding Bacterin their costs and disbursements in this action, pursuant to 17 U.S.C. § 505; and

M.	Grant to Bacterin such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Bacterin demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

Dated: April 1, 2010	By:	s/ John R. Posthumus
John R. Posthumus
jposthumus@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
(303) 863-9700
(303) 863-0223 facsimile
litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF