IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-00753-CMA-MJW

BACTERIN INTERNATIONAL, INC.,
a Delaware corporation,

      Plaintiff,

v.

ALLOSOURCE,
an Illinois nonprofit corporation,

      Defendant.

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED and agreed by and between counsel for Plaintiff Bacterin International, Inc. and Defendant AlloSource that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

1. This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents or subpoenas, answers to interrogatories, responses to requests for admissions and all other discovery taken in this matter pursuant to the Federal Rules of Civil Procedure, (collectively, "RECORDS") which a party or third-party (hereinafter, a "disclosing party") designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

2.  In designating RECORDS as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL," a disclosing party shall make such a designation of CONFIDENTIAL MATERIAL only for RECORDS which that disclosing party in good faith believes contains non-public, confidential or proprietary information, whether personal or business-related. The designation of RECORDS as "RESTRICTED MATERIAL," shall be reserved for CONFIDENTIAL MATERIAL that constitutes, reflects, or concerns trade secrets, know how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the designation.

3.  All such "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL" designations shall be made in good faith by the disclosing party and be made at the time of disclosure, production, or tender, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a producing party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Protective Order. Designation of "RESTRICTED MATERIAL" shall constitute a representation that such RECORDS have been reviewed by an attorney for the disclosing party and that there is a valid basis for such designation.

4.  CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL shall not include any RECORDS which:

   a.  Have been (and remain) or become lawfully in the possession of the receiving party through communications other than production or disclosure in this action by the disclosing party, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the

receiving party may continue to use such documents in the course of their business subject to those agreements;

    b.    Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party; or

    c.    May not under law be treated as confidential.

Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

5.    RECORDS designated as "CONFIDENTIAL MATERIAL," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a.    the parties' outside counsel of record in this action;

    b.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

    c.    no more than five (5) designated employees, per party whose assistance is needed by counsel for the purposes of this litigation, subject to and conditioned upon compliance with Paragraph 7 herein;

    d.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, subject to and conditioned upon compliance with Paragraph 7 herein;

  e. any witnesses who appear for deposition in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

  f. the Court.

6. RECORDS designated as "RESTRICTED MATERIAL," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  a. the parties' outside counsel of record in this action;

  b. any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

  c. the General Counsel of Bacterin and the Director of Legal Affairs of AlloSource, subject to and conditioned upon compliance with Paragraph 7 herein;

  d. any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist as an expert in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, subject to and conditioned upon compliance with Paragraph 7 herein;

  e. any witnesses employed by the disclosing party who appear for deposition in this matter, during the course of their testimony; and

  f. the Court.

7. The persons described in paragraphs 5(c) and (d) and 6(c) and (d) shall have access to the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL once they

have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be prepared by counsel for each party hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 5 and 6 shall have access to the CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT." Similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, each party shall provide a copy of the pertinent aforementioned lists upon the request of any other party. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

8. CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be used solely for the purpose of this action, any appeals therefrom, and shall not be made available to any persons, including the parties, other than those persons permitted by paragraphs 5-6 of this Protective Order, to have access to such Information. CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be maintained by the receiving party under the overall supervision of outside counsel.

9. If CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and make every reasonable effort to

retrieve such CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL and to prevent further disclosure.

10.  Each individual who receives any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL hereby agrees to and does subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

11.  The recipient of any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL that is provided under this Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

12.  When CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 5 and 6 of this Protective Order have access to such RECORDS are present. The use of any such CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

13.  During the course of preparing for a deposition or testimony, the deponent/witness may be shown CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL from the opposing parties' documents strictly limited to those documents which on their face reveal that they were authored or received in the normal course of business by the deponent/witness. Use of CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL during a deposition shall be subject to compliance with this Order.

14. Parties shall designate CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL as follows:

   a. In the case of RECORDS produced pursuant to Rules 26, 34 and 45 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL." In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL at the time of its production, that party shall have five (5) business days after discovering such error to so stamp or otherwise designate the RECORD.

   b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

15. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. Any party may at any time challenge the designation of any RECORD as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL and may request permission to disclose information with CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL designations other than as permitted, pursuant to this

paragraph by serving (by facsimile transmission) a written request upon counsel for the producing party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The parties shall first try to resolve such dispute in good faith on an informal basis, such as by telephone conference or an in-person meeting, which shall occur within five (5) business days of notice of disagreement with a designation or request for disclosure. Absent good cause shown, a failure to respond within such time shall be treated as a withholding of consent to the proposed disclosure. If the parties are unable to resolve the dispute via the meet-and-confer, within five (5) business days of the meet-and-confer, the disclosing party shall either: (a) withdraw the designation; or (b) file a motion for protective order seeking to retain the designation as applied to the challenged material. If the disclosing party does not withdraw the designation or file a motion for protective order within five (5) business days of the meet and confer, or such other time as the parties may agree in writing, the designation shall be deemed withdrawn. If the disclosing party timely files a motion for protective order, until and unless the Court enters an order changing the designation, the designated material shall continue to be subject to this Order. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL shall be on the party making such designation.

16. Entering into, agreeing to and/or producing or receiving CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL or otherwise complying with the terms of this Protective Order shall not:

a.  Operate as an admission by any party that any Discovery Material designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.  Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

c.  Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

d.  Prejudice in any way the rights of any party to seek a determination by the Court whether any RECORDS or CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL should be subject to the terms of this Protective Order;

e.  Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL; or

f.  Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular RECORDS.

17.  All RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to

reproduce or paraphrase such RECORDS, shall be filed in accordance with D.C.COLO.L.CivR. 7.2.

18. In the event that any CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

19. Nothing in this order shall preclude any party to the lawsuit or their attorneys from: (a) showing RECORDS designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL to an individual who either prepared or reviewed the RECORDS prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL.

20. Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and RESTRICTED MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the disclosing party or shall be destroyed. Notwithstanding the provisions of this paragraph, outside counsel for any party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, deposition transcripts and exhibits and work product. In the event that outside counsel maintains such documents, it shall not disclose material containing any type of CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL to any third parties absent a court order. Upon receipt of any subpoena for such information,

the party receiving the subpoena shall immediately notify outside counsel for the other party of the subpoena so that the latter may protect its interests.

21. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the disclosing party. (*)

22. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

IT IS SO ORDERED:

Dated: July 20, 2010

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

United States Magistrate Judge

(*) but This Court shall Retain Jurisdiction over This Protective Order until Termination of This Case.

APPROVED:

s/John R. Posthumus
John R. Posthumus
jposthumus@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202
Telephone: (303) 863-9700
Facsimile: (303) 863-0223
litigation@sheridanross.com

Attorney for Plaintiff

s/Susan S. Murphy
Patrick M. Fahey
Susan S. Murphy
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: 860-251-5000
pfahey@goodwin.com
smurphy2@goodwin.com

Jennifer Salisbury
Markus Williams Young & Zimmermann LLC
1700 Lincoln Street, Suite 4000
Denver, CO 80203
jsalisbury@markuswilliams.com

Attorneys for Defendant

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was entered by the Court on _____, 2010, in *Bacterin International, Inc. v. AlloSource.*, Case No. 1:10-cv-00753-CMA-MJW, that he/she is one of the persons contemplated in paragraph 5 and 6 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or RESTRICTED MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated: _____, 2010